## 11165

### BARLEY v. DAVIS
### HENNIGAN v. DAVIS

#### (116 S. E., 438)

1. NEGLIGENCE—WILLFUL BURNING HELD FOR JURY.—In an action for damages for the willful burning of a house in which plaintiffs had property, evidence that defendant had refused to allow the rescue of plaintiff's property *held* sufficient to warrant the denial of a directed verdict for defendant.

2. NEGLIGENCE—EVIDENCE OF INSURANCE ADMISSIBLE ON ISSUE OF WILLFUL BURNING OF HOUSE.—In an action for damages for loss of property based on the willful burning of a house by the owner, evidence of the amount of insurance on the house *held* admissible.

3. APPEAL AND ERROR—INSTRUCTION ON TENANT'S RIGHT TO USE MEANS OF EGRESS AND INGRESS IN EMERGENCY HELD NOT ERRONEOUS.—In an action for damages for the loss of property based on the willful burning of her house, in which plaintiffs were tenants, by defendant, instructions by the Court on the question of the right of tenants or others in their behalf to use means of egress and ingress other than those prescribed for their use *held* more favorable to defendant than he was entitled to, and the fact that instruction may be prejudicial to him was immaterial.

4. LANDLORD AND TENANT—AGREEMENT PREVENTING USE OF PARTICULAR ENTRANCE BY TENANT IN EMERGENCY SHOULD BE CLEAR AND FREE FROM DOUBT.—Though a landlord renting part of premises has a right to make a stipulation that the tenant may not use a particular entrance under any circumstances, any agreement that would prevent a tenant from using an entrance in a case of emergency, such as fire, should be clear and free from doubt.

*Messrs. Tatum & Wood* for respondents.

*Mr. M. J. Frederick* for appellants.

Before SHIPP, J., Sumter, 1922.   Affirmed.

Action by Julius Barley and Will Hennigan against Annie Davis. From judgments for plaintiffs, the defendant appeals.

NOTE: The question of arson by tenant or other person in possession of another's property is discussed in a note in L. R. A. 1918 E, 484.

March 19, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The statement from the case reads:

"The above two cases were tried in the Court of Common Pleas, Spring term, for Sumter County, 1922, before his Honor S. W. G. Shipp, presiding, and a jury. The jury brought in a verdict in each case against the defendant.

"These two actions were tried together, as both were the same, with the exceptions of the amount sued for. The defendant owned a large dwelling house near the City of Sumter, which was burned on or about the 12th day of March, 1920, at which time both plaintiffs were occupying a part of the upstairs as tenants. The tenants lost practically all of their belongings in the fire, and alleged in their complaint that the defendant deliberately and willfully, in the absence of the plaintiffs, burned or caused to be burned the said house which contained the said property of the plaintiffs, and at the time, and during the burning of said house, the said defendant prevented the property of the plaintiffs from being rescued and brought from the said burning building by persons who attempted to rescue their property, and as the result of such conduct on the part of the defendant they suffered loss to the amount of $200 and $400, respectively.

"The defendant denied the allegations, and stated that the house was burned by causes unknown to her."

I. The first assignment of error is the refusal of his Honor the presiding Judge to direct a verdict for the defendant. This exception cannot be sustained. There was evidence that, when the neighbors arrived and sought entrance through the front door, they found it locked, and the defendant stood just inside and refused admittance and told the people to go around to the outside stairway to the second story. "Q. You say Miss Davis refused to let

you go through the front door? A. Yes, sir; said, if I wanted to go in, climb over the top." There was other evidence to the same effect, and his Honor could not have directed a verdict for preventing the plaintiffs from rescuing their property.

II. The second assignment of error is that the presiding Judge allowed the plaintiffs to show the amount of insurance on the burned building owned by the defendant. The complaint seems to have charged (the complaint is not in the record) that the defendant set fire to the house and destroyed the plaintiff's property. This evidence was a circumstance bearing on that allegation. and was proper.

III. The third exception reads:

"(3) His Honor erred in charging the jury in response to the following questions:

"(a) In case the landlord designates a certain [stair] case of egress and ingress to the tenant, would the tenant have the right to enter any other way?

"The Court: The landlord has the right to designate the way a tenant should enter or the way to depart, but in case of emergency the tenant would have the right to use any reasonable means to rescue his property.

"(b) How about the ones on the outside, not tenants?

"The Court: That would be the same in case of emergency. If she prevented them from rescuing the property, she will be liable. If you rented rooms from me, I would be under no duty to rescue your property before I did my own, but I would have no right to prevent the rescue of your property that is in the house, provided, now, of course, it must appear, if she did prevent it, that, if it had not been for her preventing it they could have rescued the property. If they couldn't have rescued it, why, of course, the defendant would not be liable."

"The error being that the answers were vague and indefinite and highly prejudicial to the defendant, in that they

gave the impression .that it was the duty of the defendant to waive her rights as to the use of her property in favor of her tenants."

The charge of his Honor was not vague or indefinite, but entirely clear. The charge may have been prejudicial. In order to make a charge reversible, it must not only be prejudicial, but erroneous, and no error has been shown. The charge was more favorable to the appellant than she was entitled to. The question was based upon a statement made by the defendant while on the stand, to wit:

·"Her entrance was at the back. This step wasn't a regular fire escape; it was a step that I had fixed because I did not want strangers to go through my part of the house."

There was no evidence of any agreement that the tenants on the second floor should under no circumstances use the main entrance. It is true that the landlord had the right at the time of renting the second floor to make such a stipulation. The right to make the restriction during a fire is not apparent. ·The purpose of the landlord does not determine the rights of the parties. The agreement is the thing that governs. The agreement that permits the landlord to shut up the main entrance and exit when the house is on fire and prevent the tenant from saving his goods should be clear and free from doubt. This exception cannot be sustained. The appellant does not argue any other exceptions.

The judgment is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and MARION concur.